UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

_____

|  |  |  |
|---|---|---|
| KINGSBURY COMPANY, LLC | ) | |
| | ) | |
|      Plaintiff, | ) | Case No.: 25-308 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. STEEL WORKERS, LLC and | ) | |
| ERIE INSURANCE GROUP | ) | |
| | ) | |
|      Defendants. | ) | |

_____

# COMPLAINT

## PARTIES

1. The Plaintiff, Kingsbury Companies, LLC, ("Plaintiff" or "Kingsbury") is a Vermont corporation with a principal address at 58 Center Road, Middlesex, Washington County, Vermont.

2. The Defendant, Erie Insurance Group ("Eerie"), is a Pennsylvania corporation, with a principal place of business at 100 Erie Insurance Place, Erie, Pennsylvania.

3. The Defendant, U.S. Steelworkers, LLC ("US Steel") is a New York corporation with its primary address located at 121 Barnes Street, Gouverneur, New York.

## JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 29 U.S.C. §1332, because the parties are citizens of different states, as noted above, and the amount in controversy is in excess of $75,000, because the pending claim against the Plaintiff exceeds this amount due to the defect in the rebar installation and loss of operations abilities at the facility.

5. The court also has the authority over this matter per 28 U.S.C.§2201.

## FACTS

6. A Massachusetts based company, Salisbury AD 1, LLC ("Salisbury") has filed a claim against Kingsbury, alleging breach of contract due to an alleged construction defect on their north digester located at 655 Shard Villa Road, Salisbury, Vermont, ("Incident").

7. On or about October 4, 2023, a crack was discovered in the northern-most wall of the digester tank.

8. The crack halted production and allegedly caused Salisbury to lose income due to inability to operate the digester tank until the defect was fixed.

9. On or about October 12, 2023, several engineers, and experts went to the property to insect the crack in the digester wall.

10. At that time, it was discovered that the re-bar was improperly laid, leading to the crack in the digester wall.

11. At the time of the construction, the Plaintiff had hired US Steel to install the rebar on the project, pursuant to a Contract dated July 22, 2019, a copy of which is attached hereto as Exhibit A ("the Contract").

12. At all pertinent times, Erie insured US Steel pursuant to a commercial general liability policy.

13. Upon information and belief, the rebar configuration and alleged defect at the digester were installed by US Steel, as part of its contractual obligations with Kingsbury.

14. Pursuant to the Contract, US Steel was to perform "installation of all rebar as indicated on Structural Plans and detailed in ACI code."

15. The Contract also states that US Steel would agree to indemnify and hold harmless Kingsbury from any claims of property damages related to US Steel's work at the Site. Specifically, the Contract reads:

> "[US Steel] shall defend, indemnify, and hold [Kingsbury], its employees, agents, and surety, the Owner and the Architect and Engineer harmless from and against any and all claims, liability and costs of any king allegedly relating to personal injury or death (including injury to or death of Subcontractor's employees) or property damages caused in whole or in part by any act of omission of Subcontractor, its officers, agents, servants, employees, vendors, sub-subcontractors, or persons who are at or near the site with Subcontractor's express or implied consent." (See, Exhibit A.)

16. Kingsbury, through its counsel, sent a tender letter demanding defense and indemnity as to US Steel on or about November 17, 2023. (See Exhibit B).

17. Kingsbury was then directed by US Steel to their insurer, American Family Insurance Claims Services and proceeded to communicate with them several times.

18. On or about February 7, 2024, it was discovered that the proper insurance company for US Steel was Erie Insurance at which time tender communication began with them.

19. As of this writing, both US Steel and Erie have failed to agree to defend and/or indemnify Kingsbury.

20. Within the Contract, US Steel further agreed with Kingsbury that:

> [Kingsbury] and other parties required by the General Contract to be so named shall be named as additional insured's on [US Steel]'s

General Liability and Umbrella Liability policies for liability arising

out of [US Steel]'s operations under the Subcontract. (See, Exhibit

A).

21. In violation of their contractual obligations to the contrary, both Erie and US Steel

have failed to defend and agree to indemnify Kingsbury in this matter.

## COUNT I - CONTRACTUAL INDEMNITY
## KINGSBURY COMPANIES LLC AGAINST US STEELWORKERS

22. The allegations contained in Paragraphs 1 through 21 are repeated, reasserted and

incorporated herein by reference.

23. Any damages sustained by Salisbury were the direct and proximate result of the actions or

inactions of US Steel.

24. Any damages sustained by Salisbury arose out of and/or occurred with respect to US

Steel's work obligations at the digester tank.

25. If Kingsbury is adjudged to be liable to Vanguard, then, pursuant to the indemnification

provision of the Contract, US Steel is obligated to indemnify Kingsbury in connection with

any judgment rendered against Kingsbury, together with interest and costs.

WHEREFORE, the Plaintiff, Kingsbury Companies, LLC, demands judgment against the

Defendant, U.S. Steelworkers for Contractual indemnity.

## COUNT II - BREACH OF CONTRACT
## KINGSBURY COMPANIES, LLC AGAINST ERIE INSURANCE GROUP, AND U.S.
## STEELWORKERS

26. The allegations contained in Paragraphs 1 through 25 of this Complaint are hereby

incorporated by reference.

4

27. Pursuant to the Contract, US Steel agreed to indemnify and hold harmless Kingsbury from any and all claims arising out of US Steel's work at the Site, and to procure and maintain commercial liability coverage insuring Kingsbury. Kingsbury notified both Erie and US Steel of Salisbury's claim on or about November 17, 2023, as well as on subsequent dates since then.

28. US Steel and its insurer, Erie, have failed to provide Kingsbury with a defense of the subject claim, and it has failed to agree to indemnify Kingsbury for any settlement of judgment Salisbury may obtain.

29. In violation of their contractual obligations to the contrary, both Erie and US Steel have failed to defend and agree to indemnify Kingsbury in this matter.

WHEREFORE, the Plaintiff, Kingsbury Companies, LLC demands that judgment enter against the Defendants, Erie Insurance Group and U.S. Steelworkers, for breach of contract, and award Kingsbury Companies, LLC all damages, attorney's fees and costs, as a result of the respective breaches.

## COUNT III - DECLARATORY JUDGMENT (28 U.S.C. § 2201)
## KINGSBURY COMPANIES, LLC AGAINST ERIE INSURANCE GROUP, AND U.S. STEELWORKERS

30. The allegations contained in Paragraphs 1 through 29 are repeated, reasserted, and incorporated by reference.

31. An actual controversy has arisen between Kingsbury, Erie, and US Steel.

32. The rights, duties, status, and other legal relations of the Plaintiff and the Defendants are determinable by reference to the Contract executed between Kingsbury and US Steel, and the determination of these rights would terminate the controversy between them.

5

33. The rights, duties, status and other legal relations of the Plaintiff, and the Defendant, Erie, are also determinable by reference to the Contract executed between the Plaintiff, Kingsbury, and the Defendant, US Steel, and the determination of these rights would terminate the controversy between them.

34. The claims, causative action, and the damages set forth by Salisbury, arose out of and/or occurred with respect to US Steel's contractual obligations as to the digester.

35. Pursuant to the terms of the Contract entered into between the Plaintiff, Kingsbury, and the Defendant, US Steel, but also involving Erie, given its role as the insurer for US Steel, the Defendants therefore have a legal duty to defend, indemnify, and hold harmless Kingsbury, concerning Salisbury's claim.

WHEREFORE, the Plaintiff, Kingsbury Companies, LLC, requests that this Honorable Court enter judgment pursuant to 28 U.S.C. §2201, declaring that the Defendant, Erie Insurance Group must defend, indemnify and hold harmless the Plaintiff, Kingsbury Companies, LLC, and that the Defendant, U.S. Steelworkers, must defend, indemnify and hold harmless the Plaintiff, Kingsbury Companies, LLC, with respect to the claims of Salisbury, as required by the Contract.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
KINGSBURY COMPANIES, LLC
BY ITS ATTORNEY


*/s/ Thomas J. Fay, Esq.*

DATED: 1.27.25                    _____

Thomas J. Fay, Bar No. 5022
tfay@boyleshaughnessy.com
Boyle | Shaughnessy Law PC
46 Lincoln Corners Way, Suite 1
Woodstock, VT 05091
Phone: 802-255-2700